IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PETER PEDERSEN,<br><br>　　Plaintiff,<br><br>v.<br><br>UPLAND SOFTWARE, INC.,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§　Case No. 6:22-CV-00594-ADA<br>§<br>§<br>§<br>§<br>§ |

**UPLAND SOFTWARE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Upland Software, Inc. ("Upland"), by and through its attorneys, answers the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Peter Pedersen ("Plaintiff").

**RESPONSE TO COMPLAINT**

In response to the allegations set forth in the numbered paragraphs of Plaintiff's Complaint, Upland responds as follows. Allegations not expressly admitted herein are denied.

**THE PARTIES**

1. Upland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Admitted.

3. Denied.

**JURISDICTION AND VENUE**

4. Upland admits that this action purports to be an action for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and to the extent that Plaintiff has standing to assert United States Patent No. 6,965,920 (the '920 Patent"), Upland

admits that this Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a), but Upland denies any such infringement as alleged by Plaintiff.

5. For the purposes of this action only, Upland submits to this Court's specific personal jurisdiction over Upland. Upland denies the remaining allegations of paragraph 5.

6. Denied.

7. Denied.

8. For the purposes of this action only, Upland submits to this Court's personal jurisdiction over Upland. Upland denies the remaining allegations of paragraph 8.

9. For the purposes of this action only, Upland submits to this Court's personal jurisdiction over Upland. Upland denies the remaining allegations in paragraph 9.

10. Upland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. For the purposes of this action only, Upland admits that venue is proper in this Court under 28 U.S.C. §1400(b), but Upland denies the remaining allegations of paragraph 11.

## THE PATENT-IN-SUIT

12. Upland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13. Paragraph 13 does not require a response by Upland. To the extent a further response is required, Upland denies the allegations of paragraph 13.

14. Upland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

## ACCUSED INSTRUMENTALITIES

15. Paragraph 15 does not require a response by Upland. To the extent a further response is required, Upland denies the allegations of paragraph 15.

## COUNT I
## PATENT INFRINGEMENT OF THE '920 PATENT

16. Paragraph 16 does not require a response by Upland. To the extent a further response is required, Upland denies the allegations of paragraph 16 and re-alleges and incorporates by reference each of its responses to the foregoing paragraphs with the same force and effect as though fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Upland admits that the accused product is software that can be utilized by users around the world, but Upland denies the remaining allegations of paragraph 21.

22. Denied.

23. Denied.

24. Denied.

## PRAYER FOR RELIEF

Upland denies that Plaintiff is entitled to any relief sought in its Prayer for Relief. Upland has not infringed the '920 patent. Plaintiff is not entitled to recover attorneys' fees, past and future damages, supplemental or enhanced damages, costs, prejudgment or post-judgment interest, or any other type of recovery from Upland. Plaintiff's Prayer for Relief should, therefore, be denied in its

entirety with prejudice, and Plaintiff should take nothing by way of the Complaint. To the extent that the Prayer for Relief includes any factual allegations, Upland denies those allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Upland alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Upland specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST DEFENSE
### (No Infringement)

Plaintiff is not entitled to any relief against Upland because Upland does not make, use, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid and enforceable claim of the '920 patent, whether directly, through the doctrine of equivalents, willfully or otherwise.

### SECOND DEFENSE
### (Invalidity)

One or more claims of the '920 patent is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code including, without limitation, Sections 101, 102, 103, and/or 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### THIRD DEFENSE
### (Prosecution History Estoppel and Prosecution Disclaimer)

By reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '920 patent and subsequent *inter*

*partes* review proceedings, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applications, Plaintiff is estopped and otherwise barred under the doctrines of prosecution history estoppel and/or prosecution disclaimer from asserting that the claims of the '920 patent are infringed by Upland or Upland's products or services, either directly, through the doctrine of equivalents, or otherwise.

## FOURTH DEFENSE
### (Failure to Provide Notice Pursuant to 35 U.S.C. § 287)

Plaintiff's claims for damages are barred, in whole or in part, for failure to provide notice pursuant to 35 U.S.C. §287.

## FIFTH DEFENSE
### (Limitation on Recovery)

Plaintiff's claims for damages are barred, in whole or in part, by 35 U.S.C. §286.

## SIXTH DEFENSE
### (Preclusion of Costs)

On information and belief, Plaintiff is precluded from recovering costs related to this action pursuant to 35 U.S.C. §288.

## SEVENTH DEFENSE
### (No Willful Infringement)

Plaintiff has alleged no facts, and Upland has not engaged in any conduct, that entitled Plaintiff to enhanced damages based on alleged willful infringement.

## EIGHTH DEFENSE
### (Acts of Others)

The claims made in the Complaint are barred, in whole or in part, because Upland is not liable for the acts of others over whom it had no control.

## NINTH DEFENSE
### (Lack of Standing)

On information and belief, Plaintiff is not entitled to recover damages or any other form of relief from Upland because Plaintiff lacks standing necessary to bring and maintain this action.

## TENTH DEFENSE
### (Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License)

Plaintiff is barred from recovering some or all of the relief sought in the Complaint by reason of the doctrine of waiver, estoppel, acquiescence, unclean hands, and/or implied license.

## ELEVENTH DEFENSE
### (Ensnarement)

Plaintiff's claims are barred or limited by the doctrine of ensnarement.

## RESERVATION OF DEFENSES

Upland reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may exist now or in the future be available based on discovery and further factual investigation.

## DEMAND FOR JURY TRIAL

Upland demands a jury trial on all triable issues.

Dated:  July 26, 2022 	Respectfully submitted,

	By: */s/ Edward A. Cavazos*
		Edward A. Cavazos (TX Bar No. 00787223)
		ed.cavazos@pillsburylaw.com
		Benjamin L. Bernell (TX Bar No. 24059451)
		ben.bernell@pillsburylaw.com
		James Quail (TX Bar No. 24102386)
		james.quail@pillsburylaw.com
		PILLSBURY WINTHROP SHAW PITTMAN LLP
		401 Congress Avenue, Suite 1700
		Austin, TX  78701
		Tel: 512-580-9608
		Facsimile: 512-580-9601

		*Counsel for Defendants*
		*Upland Software, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2022, a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

	*/s/ Ben Bernell*
	Ben Bernell